UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONRICO HUMPHREY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:08-CV-853 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Donrico Humphrey to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

I. **Background**

Following a jury trial, Humphrey was found guilty of conspiring to execute a scheme to commit wire fraud (Count One), in violation of 18 U.S.C. §§ 371 and 1343, and wire fraud (Counts Two and Three), in violation of 18 U.S.C. §§ 1343 and 2. He was sentenced on November 21, 2005, to concurrent terms of imprisonment of 60 months on Count One and 135 months on each of the remaining counts. The conviction and sentence were affirmed on appeal. United States v. Humphrey, 205 Fed. Appx. 473 (8th Cir. 2006).

II. **Discussion**

Humphrey asserts eleven grounds for relief in his motion to vacate. The relevant facts will be set forth in the discussion of each ground.

### A. Claims Decided on Appeal (Grounds 3, 5, 6 and 11)

In Grounds 3 and 11, Humphrey claims that there was insufficient evidence to support the wire fraud convictions on Counts Two and Three. In Ground 5, he claims that the Court erred in finding that he was a "leader" for purposes of sentencing. All of these claims were asserted by Humphrey on direct appeal and were ruled adversely to him. In Ground 6, Humphrey claims that the government incorrectly stated at sentencing that he had stipulated to the losses claimed by two victims and, as a result, the Court was misled into attributing those losses to him. On direct appeal, Humphrey unsuccessfully challenged the Court's determination and attribution of the amount of loss for sentencing purposes. Despite the difference in the wording, the claim Humphrey asserts in the present motion is indistinguishable from the claim he raised on appeal. It is firmly established in this Circuit that issues raised on direct appeal cannot be re-litigated in a § 2255 proceeding. Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992)[*citing* United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)]. Therefore, Humphrey is not entitled to relief on Grounds 3, 5, 6 and 11.

### B. Procedural Default (Grounds 2, 4 and 10)

The claims Humphrey asserts in Grounds 2, 4 and 10 could have been presented on appeal, but were not. A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey

v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar. Id. at 494.

Because Humphrey asserts claims of ineffective assistance of counsel, the Court will consider the merits of the grounds that would otherwise be subject to the procedural bar. The Court notes, however, that Humphrey makes no showing, of actual innocence.

### 1. Ground 2

In Ground 2, Humphrey challenges the admission into evidence of his prior convictions under Rule 404(b) of the Federal Rules of Evidence. Before trial, the government gave notice of its intention to present evidence of Humphrey's felony convictions for credit card fraud in 1989 and 2001. On the first day of trial, defense counsel made an oral motion in limine; the trial transcript belies Humphrey's claim that his attorney failed to seek the exclusion of this evidence. After hearing the parties' arguments, the Court found that the evidence was relevant to establish Humphrey's intent and knowledge and that the probative value of the evidence outweighed its potential prejudice. United States v. Donrico Humphrey, No. 4:05-139 (CEJ) (E.D. Mo.), Transcript at pp. 6-11 [Doc. # 66].

Humphrey argues that the 1989 conviction should not have been admitted because it was too old. While "proximity in time is a factor in deciding whether to admit Rul 404(b) evidence, . . there is no fixed period within which the prior bad acts must have occurred." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996). Despite the age of the conviction, it was similar in kind to the wire fraud charges and was relevant to the issues involved in the case. For this reason and for the reasons

previously stated, the Court finds that the evidence of the prior convictions was properly admissible under Rule 404(b).

### 2. Ground 4

In Ground 4, Humphrey claims that he was denied due process by the government's use of "purchased" testimony at trial. The testimony he refers to is that of Dominique Bourn, one of the co-conspirators. Bourn testified pursuant to a plea agreement in which he agreed to assist the government in the hope of receiving a reduced sentence. Transcript, pp. 104-109. Testimony from a witness pursuant to a plea agreement is not "purchased" testimony and the presentation of such testimony does not deny a defendant due process. <u>Ethridge v. United States</u>, 241 F. 3d 619, 620-21 (8th Cir. 2001) [*citing*, <u>United States v. Albanese</u>, 195 F. 3d 389, 394 (8th Cir. 1999)]. Humphrey is not entitled to relief on this claim.

### 3. Ground 10

In Ground 10, Humphrey claims that he was denied due process as a result of the prosecution's decision to charge him with wire fraud instead of credit card fraud. "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978). It is immaterial whether the facts of this case would have supported a credit card fraud charge, so long as the facts were sufficient to support the conspiracy and wire fraud charges. As discussed above, the issue of the sufficiency of the evidence to convict has already been determined. Humphrey is not entitled to relief on this claim.

### C. Ineffective Assistance of Counsel (Grounds 1, 7, 8 and 9)

In the remaining grounds, Humphrey asserts that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In Ground 1, Humphrey alleges that his attorney (1) failed to interview witnesses and failed to conduct an investigation, (2) failed to offer a multiple conspiracy jury instruction or any other jury instructions, and (3) inadequately cross-examined the government's witnesses. He does not identify any witness that defense counsel should have contacted and he identifies no investigatory measures that should have been taken. He also fails to identify any impeaching information that defense counsel should have used in cross-examination. With respect to the jury instructions, the Court of Appeals held that the failure to give a multiple conspiracy instruction was not plain error. Humphrey, 205 Fed. Appx. at 475. Humphrey does not identify any other jury instruction that should have been offered by defense counsel. Even if the Court were to find that the allegations establish conduct below the range of professionally acceptable representation, Humphrey has made no showing of prejudice. He is not entitled to relief on Ground 1.

In Grounds 7 and 8, Humphrey asserts that he was denied effective assistance as a result of his attorney's failure to seek dismissal of Counts Two and Three based on the government's failure to prove the transmission of wire signals in interstate or foreign commerce. As discussed above, the Court of Appeals specifically found that there was substantial evidence to support the jury's verdict. Humphrey's counsel cannot be deemed ineffective for not pursuing a meritless claim. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994)("Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued."). Further, in view of the appellate court's decision, Humphrey cannot show that the outcome of the proceeding would have been different if his attorney had sought dismissal of the indictment. He is not entitled to relief on Grounds 7 and 8.

In Ground 9, Humphrey asserts that he was denied effective assistance of counsel as a result of his attorney's failure to file a petition for a writ of certiorari. Again, even if the failure to file the petition could be deemed deficient performance, Humphrey cannot establish that he was prejudiced. To establish prejudice, Humphrey must show (1) that he would have succeeded in obtaining a writ of certiorari and (2) a reasonable probability that he would have obtained relief as to his sentence. Steele v. United States, 518, 986, 988-989 (8th Cir. 2008). He does not make the required showing here and is therefore not entitled to relief on Ground 9.

### III. Conclusion

For the foregoing reasons, the Court concludes that Humphrey is not entitled to the relief he seeks. The Court finds that Humphrey has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

An order consistent with this Memorandum will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th of March, 2011.